**CORNING INCORPORATED and Artificial Sensing Instruments ASI AG, Plaintiffs,**

v.

**SRU BIOSYSTEMS, LLC, SRU Biosystems, Inc., and SRU Holdings, LLC, Defendants.**

No. CIV.A.03–633–JJF.

United States District Court, D. Delaware.

Nov. 20, 2003.

Richard L. Horwitz, Esquire, David E. Moore, Esquire of Potter Anderson & Corroon LLP, Wilmington, DE, Of Counsel: Kenneth E. Krosin, Esquire, George C. Best, Esquire of Foley & Lardner, Washington, D.C., for Plaintiffs Corning Incorporated and Artificial Sensing Instruments ASI AG.

Steven J. Balick, Esquire, John G. Day, Esquire of Ashby & Geddes, Wilmington, DE, Of Counsel: John J. McDonnell, Esquire, Richard A. Machonkin, Esquire,

Lisa M. Hillman, Esquire of McDonnell Boehnen Hulbert & Berghoff, Chicago, IL, for Defendants SRU Biosystems, LLC, SRU Biosystems, Inc., and SRU Biosystems Holdings, LLC.

### MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is Plaintiff Corning Incorporated's ("Corning") Motion To Dismiss Count VI Of Defendants' Answer And Counterclaims. (D.I.20.) For the following reasons, the Court will deny the Motion.

### BACKGROUND

The instant Motion concerns two contested issues: 1) applying Delaware choice of law rules, whether Delaware or Massachusetts law governs the tortious interference with advantageous relationship claim asserted by SRU and 2) whether SRU has failed to state a claim upon which relief can be granted.

### STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must accept as true the factual allegations in the Complaint and all reasonable inferences that can be drawn therefrom." *Langford v. City of Atlantic City*, 235 F.3d 845, 847 (3d Cir.2000). A court will grant a defendant's motion to dismiss only if it appears that the plaintiff could prove no set of facts that would entitle them to relief. *Id.*

### DISCUSSION

**I. Choice of Law**

Delaware courts apply the most significant relationship test. *Travelers Indemnity Co. v. Lake*, 594 A.2d 38, 47 (Del. 1991). The relevant factors a court must

consider when determining the state with the most significant relationship to the action include 1) the place where the injury occurred, 2) the place where the conduct causing the injury occurred, 3) the place of incorporation and principal place of business of the parties, and 4) the place where the relationship between the parties is centered. *Id.* (citing Restatement (Second) of Conflicts § 145 (1971)). When evaluating these factors, a court must not simply "add up the interests on both sides of the equation and automatically apply the law of the jurisdiction meeting the highest number of contacts listed in Section[ ] 145." *Id.* at 48. Instead, a court is to evaluate the contacts in accordance with their relative importance to the particular issue. *Id.* Applying the factors set forth in *Travelers Indemnity*, the Court concludes that Delaware law applies to the tortious interference with advantageous relationship claim asserted by SRU.

Although as alleged by SRU, it may have suffered injury in Massachusetts, in evaluating the "contacts ... according to their relative importance," the Court concludes that Delaware has the most significant relationship to the instant action. *Travelers Indemnity*, 594 A.2d at 48 n. 6. The Court reaches this conclusion because the conduct underlying any liability of Corning alleged by SRU in Count VI of its Answer and Counterclaims occurred in Delaware. According to SRU's First Amended Answer (D.I.29), the filing of the instant lawsuit in Delaware by Corning is the event that interfered with negotiations between SRU and other companies. *Id.* at ¶ 63. In sum, because Corning filed the instant action in Delaware, the Court concludes that Delaware is the place where the relationship between the parties is centered,[1] and, accordingly, the Court concludes that Delaware law governs SRU's

tortious interference with advantageous relationships counterclaim.

## II. Tortious Interference With Advantageous Relationships

Corning contends that SRU failed to allege facts sufficient to demonstrate that Corning filed the instant action with the improper motive of interfering with SRU's business relationships. In response, SRU contends that it has alleged facts sufficient to survive Corning's motion to dismiss.

Delaware courts follow the definition of tortious interference with advantageous relationship found in the Second Restatement. *See Irwin & Leighton, Inc. v. W.M. Anderson Co.*, 532 A.2d 983 (Del.Ch.1987). Tortious interference with advantageous relationship encompasses two torts: tortious interference with contract and tortious interference with prospective contractual relations. Restatement (Second) of Torts Div. 9 (1979). SRU alleges that Corning tortiously interfered with its prospective contractual relations. (D.I.29 at ¶¶ 59–69.)

The elements of tortious interference with prospective contractual relations include "(1) the existence of a valid business relation or expectancy, (2) the interferer's knowledge of the relationship or expectancy, (3) intentional interference that (4) induces or causes a breach or termination of the relationship or expectancy and that (5) causes resulting damages to the party whose relationship or expectancy is disrupted." *In re Frederick's of Hollywood, Inc.*, 1998 WL 398244, *5 (Del.Ch.1998). These factors must be evaluated in light of a party's "privilege to compete or protect his business affairs in a fair and lawful manner." *DeBonaventura v. Nationwide Mut. Ins. Co.*, 428 A.2d

---

1. The Court finds that the parties' respective domiciles are not persuasive on the issue of whether Massachusetts or Delaware law should be applied.

1151, 1153 (Del.1981). Accordingly, Section 773 of the Second Restatement provides a defense to a party who, in good faith, files an action to protect a legal interest. To qualify for this defense, the party must "(1) [have] a legally protected interest, and (2) in good faith assert[ ] or threaten[ ] to protect it, and (3) the threat is to protect it by appropriate means." Restatement (Second) of Torts § 773 (1979). Under the Rule 12(b)(6) standard, the Court concludes that SRU has alleged sufficient facts to establish that Corning did not in good faith file the instant action to protect its legal interest.

A Rule 12(b)(6) motion tests *legal* sufficiency. When considering such a motion, a court accepts as true all allegations and draws all factual inferences in the light most favorable to the non-moving party. *Langford v. City of Atlantic City*, 235 F.3d 845, 845 (3d Cir.2000). In paragraph 63 of its First Amended Answer and Counterclaim, SRU alleges that "Corning filed the Complaint ... with the improper motive of interfering with the negotiations between SRU and the Companies" (D.I.29 at ¶ 63) and to disrupt SRU's receipt of "financing from potential investors." *Id.* at ¶ 67. Applying the notice pleading standard, the Court concludes that the allegations pled in paragraphs 63 and 67 are sufficient, at this juncture, to avoid dismissal on the claim that Corning may not have filed the instant action in good faith. Accordingly, the Court will deny Corning's motion.

## CONCLUSION

Thus, for the reasons discussed, the Court concludes that Delaware law governs the tortious interference with advantageous relationships counterclaim asserted by SRU. Further, the Court concludes that SRU has alleged sufficient facts to survive a Rule 12(b)(6) motion to dismiss its tortious interference with advantageous relationships counterclaim.